# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Terry Stewart,**
**Claimant Below, Petitioner**

**vs.)** **No. 22-0215** **(**BOR Appeal No. 2057425)
(Claim No. 2020019626)

**Wolseley Investments, Inc.,**
**Employer Below, Respondent**

# MEMORANDUM DECISION

Petitioner Terry Stewart appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Respondent Wolseley Investments, Inc. filed a timely response.[1] The issue on appeal is medical treatment. Petitioner argues that a second MRI of his lumbar spine is medically reasonable and necessary to treat the compensable injury. The claims administrator denied authorization for a second MRI on June 9, 2020. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the decision in its September 29, 2021, order. The order was affirmed by the Board of Review on February 24, 2022. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the Board of Review's decision is appropriate. *See* W. Va. R. App. P. 21.

On October 29, 2019, petitioner, a delivery driver, completed an Employees' and Physicians' Report of Injury stating that on October 28, 2019, he injured his back when lifting a cast iron bathtub. Morris Dillard, D.O., completed an Employees' and Physicians' Report of Injury and found that petitioner suffered an occupational injury when lifting heavy objects at work. Dr. Dillard made diagnoses of lumbar sprain and lumbar radiculopathy. Dr. Dillard referred petitioner for x-rays. Charles F. Hales, M.D., interpreted the x-rays as showing no acute abnormality but degenerative subluxation at L4-L5.

On November 13, 2019, the claims administrator held the claim compensable with regard to the lumbar sprain and lumbar radiculopathy. On November 27, 2019, the claims administrator authorized an MRI of petitioner's lumbar spine. However, the claims administrator issued a

---

[1]Petitioner is represented by Patrick K. Maroney, and respondent is represented by Jeffrey B. Brannon. Also, for reasons that are not readily apparent from the record, respondent identifies itself as "Ferguson US Holdings, Inc." instead of the employer identified below, "Wolseley Investments, Inc." Because the order under appeal identifies the employer as Wolseley Investments, Inc., we will utilize that designation in this appeal.

1

corrected claims decision order on February 20, 2020. In the corrected claims decision order, the claims administrator clarified that radiculopathy was not a compensable condition as it is a symptom rather than an acute injury.

Petitioner underwent an MRI of the lumbar spine on December 10, 2019. John Alan Willis, M.D., found annular disc bulges at L4-L5 and L5-S1 and right traversing root impingement at L5-S1 primarily due to fairly severe facet degenerative changes. Dr. Willis further found that there was moderate spinal stenosis at L4-L5 and mild canal narrowing at L5-S1.

Petitioner underwent an independent medical evaluation by Prasadarao B. Mukkamala, M.D., on May 20, 2020. Dr. Mukkamala diagnosed petitioner with a lumbar sprain. However, Dr. Mukkamala further found that petitioner had preexisting degenerative spondyloarthropathy. Dr. Mukkamala stated that x-ray views taken on January 27, 2020, revealed that petitioner had advanced degenerative changes, which were long-standing and not causally related to the October 28, 2019, compensable injury. With regard to the compensable injury, Dr. Mukkamala assessed petitioner as being at maximum medical improvement without the need for further treatment except for the continuation of a home exercise program. Dr. Mukkamala placed petitioner in Category II of the lumbar impairment chart set forth as a part of West Virginia Code of State Rules § 85-20-1 (2004).[2] Therefore, Dr. Mukkamala adjusted his impairment rating for petitioner based upon range of motion measurements from 12% to 8% impairment. Dr. Mukkamala allocated half of that impairment to the preexisting degenerative spondyloarthropathy and found that petitioner had 4% impairment due to the compensable injury.

Petitioner was seen by Alastair Hoyt, M.D., on June 1, 2020, for a follow-up appointment. Petitioner reported increased pain following the completion of physical therapy, which he said had made him feel "quite a bit better." Physical findings included a positive straight leg raise on the right side with pain in petitioner's posterior leg and thigh and a positive straight leg raise on the left side with pain in the back of petitioner's left thigh. Dr. Hoyt found that petitioner had pain radiating to his right lower extremity with occasional pain in the left lower extremity. Dr. Hoyt noted that previously-taken x-rays showed very small spondylolisthesis at L4-L5 and L5-S1. Dr. Hoyt opined that a second MRI of petitioner's lumbar spine was "warranted" due to "[the] return of painful symptoms after finishing his course of physical therapy along with findings of some very small spondylolisthesis at L4-L5 and L5-S1." Dr. Hoyt made the following diagnoses: (1) bilateral radiating leg pain; (2) lumbago; (3) spondylolisthesis; and (4) spondylolisthesis, lumbosacral region.

Also, on June 1, 2020, Dr. Hoyt requested a second MRI of the lumbar spine. The claims administrator denied authorization for a second MRI on June 9, 2020, finding that it was neither medically necessary nor reasonably required to treat petitioner's compensable injury. Petitioner protested this order.

---

[2]For lumbar conditions placed in Category II, the permissible impairment range is 5% to 8%.

On July 27, 2021, Jonathan Luchs, M.D., performed an age of injury analysis based upon the December 10, 2019,[3] MRI of the lumbar spine previously read by Dr. Willis. Dr. Luchs agreed with Dr. Willis's findings, stating that degenerative disc disease and degenerative arthropathy result in levels of disc space narrowing with nerve root impingement similarly to that noted by Dr. Willis. Dr. Luchs assessed petitioner's degenerative changes as being chronic in nature.

Petitioner testified at deposition on September 22, 2020. Petitioner stated that Dr. Hoyt "wanted to have the disk" from a second MRI because Dr. Hoyt wanted to "read it" himself. Dr. Hoyt wanted to "verify what was going on" given that two bulging discs appeared to have moved based on x-ray views. Petitioner further stated that, separate from the October 28, 2019, compensable injury, he sustained back injuries at work earlier in 2019, for which he did not seek workers' compensation benefits.

In its September 29, 2021, order, the Office of Judges affirmed the claims administrator's denial of authorization for a second MRI of petitioner's lumbar spine. The Office of Judges found Dr. Mukkamala assessed petitioner as (1) being at maximum medical improvement with regard to the October 28, 2019, compensable injury, and (2) having preexisting degenerative changes. Therefore, the Office of Judges determined that it was more likely than not that the request for an additional MRI was unrelated to the compensable injury. On February 24, 2022, the Board of Review adopted the Office of Judges' findings and affirmed its order upholding the claim administrator's denial of authorization for a second MRI of petitioner's lumbar spine.

This Court may not reweigh the evidentiary record, but must give deference to the findings, reasoning, and conclusions of the Board of Review, and when the Board's decision affirms prior rulings by both the Workers' Compensation Commission and the Office of Judges, we may reverse or modify that decision only if it is in clear violation of constitutional or statutory provisions, is clearly the result of erroneous conclusions of law, or is based upon a material misstatement or mischaracterization of the evidentiary record. *See* W. Va. Code §§ 23-5-15(c) & (d). We apply a de novo standard of review to questions of law. *See Justice v. W. Va. Off. of Ins. Comm'n*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012).

After review, we find no error in the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. "Pursuant to W. Va. Code § 23-4-1g(a) (2003) (Repl. Vol. 2010), a claimant in a workers' compensation case must prove his or her claim for benefits by a preponderance of the evidence." Syl. Pt. 2, *Gill v. City of Charleston*, 236 W. Va. 737, 783 S.E.2d 857 (2016). West Virginia Code of State Rules § 85-20-37.5 (2006) provides that the duration of care for a lower back sprain is estimated "not to exceed 8 weeks." Co-morbidities such as degenerative disc disease and spondylolisthesis "may be associated with a higher incidence of persistent symptoms but are not compensable conditions." W. Va. C.S.R. § 85-20-37.8 (2006). Therefore, we find that the Office of Judges did not err in determining that it was more likely than

---

[3]In his July 27, 2021, report, Dr. Luchs mistakenly listed (1) the first MRI of petitioner's lumbar spine as being performed on December 10, 2018, instead of December 10, 2019, and (2) petitioner's compensable injury as having occurred on October 28, 2018, instead of October 28, 2019.

not that the request for a second MRI of petitioner's lumbar spine was unrelated to the compensable injury.

Affirmed.

**ISSUED: September 14, 2023**

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn